IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTOPHER GUNN and LINDA GUNN, on behalf of plaintiffs and a class, | )<br>)<br>) |
| Plaintiffs, | ) Case No.: 19-cv-1385 |
| vs. | )<br>) |
| THRASHER, BUSCHMANN & VOELKEL, P.C., | )<br>) |
| Defendant. | ) |

## COMPLAINT -- CLASS ACTION

### INTRODUCTION

1. Plaintiffs Christopher Gunn and Linda Gunn bring this action to secure redress from unlawful credit and collection practices engaged in by Defendant Thrasher, Buschmann & Voelkel, P.C. ("TBV"). Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiffs seek to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## VENUE AND JURISDICTION

7. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

8. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications were received by Plaintiffs within this District;

   b. Defendant is located within this District.

## PARTIES

9. Plaintiffs Christopher Gunn and Linda Gunn are individuals who reside in Fishers, Indiana.

10. TBV is a law firm organized as an Indiana professional corporation with offices at 151 N. Delaware, Suite 1900, Indianapolis, IN 46204-2505.

11. TBV is a general practice law firm which, among other things, regularly engages in the collection of consumer debts for others.

12. TBV's practice areas, as listed on its web site, include the "collection of delinquent assessments" for homeowners associations and similar entities. (http://www.indiana-attorneys.com/practice_areas/home_assoc.htm) Furthermore, TBV states on emails that its practice areas include "collections."

13. TBV uses the mails and telephone system in collecting such debts.

14. TBV is a debt collector as defined in the FDCPA.

## FACTS

15. On or about July 16, 2018, TBV sent Plaintiffs the letter attached as Appendix A.

16. Appendix A is the first letter TBV sent Plaintiffs regarding the debt described therein.

17. Appendix A is a form used by TBV as the initial letter it sends a consumer regarding a debt.

18. Appendix A contains the following statements: "If this is a landlord-tenant matter, Creditor may also seek eviction or ejection.  If Creditor has recorded a mechanic's lien, covenants, mortgage, or security agreement, it may seek to foreclose such mechanic's lien, covenants, mortgage, or security agreement."

19. The quoted statements are part of the form.

20. Subsequently, on October 3, 2018, TBV filed a small claims lawsuit against Plaintiffs in Indiana state court seeking only money damages.  (Appendix B)

21. On information and belief, TBV regularly sends a letter in the form of Appendix A before filing a lawsuit against a consumer.

22. The exhibits to the lawsuit (Appendix B) include a "Declaration of Covenants, Conditions, and Restrictions."

23. Foreclosure proceedings are authorized by Indiana law in the case of condominium associations, IC 32-25-6-3, but not in the case of homeowners associations.

24. Eviction proceedings on behalf of homeowners or condominium associations against owners are authorized in many states, such as Illinois, but not Indiana.  (Appendices C-D)

25. An unsophisticated consumer who looks up on the Internet whether a homeowner who is a member of an association can be subjected to foreclosure or eviction proceedings will therefore find information that such proceedings are authorized.  (Appendices C-D)  They are not authorized in Indiana for this type of association, but unsophisticated consumers are not charged with figuring out the answers to legal questions of that nature.

26. References to eviction and foreclosure in a letter seeking to collect a small

monetary debt, for which eviction and foreclosure are not available remedies and which are not intended to be sought in the particular case, are intimidating, misleading and inappropriate. *Rosa v. Gaynor*, 784 F.Supp. 1, 3 (D.Conn.1989); *Nolan v. Credit Mgmt. Corp.,* 3:06cv318 (WIG), 2007 WL 4460310, at *4 (D. Conn. Dec. 14, 2007).

## COUNT I – FDCPA

27. Plaintiffs incorporate paragraphs 1-26.

28. Appendix A violates 15 U.S.C. §1692e, 1692e(2), 1692e(4), 1692e(5), and 1692e(10), in that it refers to remedies which TBV is not entitled to invoke and did not intend to invoke with respect to the particular debt.

29. Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .

(2) The false representation of—

    (A) the character, amount, or legal status of any debt; . . .

(4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

## CLASS ALLEGATIONS

30. Plaintiffs bring this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

31. The class consists of (a) all individuals (b) to whom Defendant sent a letter in the form represented by Appendix A (c) which letter was sent at any time during a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action and (d) where Defendant had not been authorized or was not entitled to seek eviction, ejection, or

foreclosure at the time the letter was sent.

32. On information and belief, based on the fact that Defendant filed more than 300 lawsuits against consumers during the class period, the class is so numerous that joinder of all members is not practicable.

33. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether Defendant's letter violates the FDCPA.

34. Plaintiffs' claim is typical of the claims of the class members. All are based on the same factual and legal theories.

35. Plaintiffs will fairly and adequately represent the class members. Plaintiffs have retained counsel experienced in class actions and FDCPA litigation.

36. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of Plaintiffs and the class and against Defendant for:

    i. Statutory damages;

    ii. Attorney's fees, litigation expenses and costs of suit;

    iii. Such other and further relief as the Court deems proper.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs

Mary Frances Charlton
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

T:\35887\Pleading\Complaint_Pleading.WPD

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

/s/ Daniel A. Edelman
Daniel A. Edelman